IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLARENCE BRANCH,

        Plaintiff,

v.

UNITED STATES, et al.,

        Defendants.

1:14-cv-01322-WSD

**OPINION AND ORDER**

This matter is before the Court on the mandatory review of Clarence Branch's ("Plaintiff") Complaint [3] for frivolity pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.    BACKGROUND**

On May 2, 2014, Plaintiff filed an application for leave to proceed *in forma pauperis* ("IFP"). On May 6, 2014, Magistrate Judge Russell G. Vineyard granted the Plaintiff's IFP application, and directed the clerk to submit this action to the Court for a frivolity determination. Plaintiff appears to bring a § 1983 Civil Rights Act action against the Defendants. Plaintiff's Complaint contains a subject line that states "unlawful detainer, confinement," but it does not assert any claims

against the Defendants or specific factual allegations to support those claims.

## II.     DISCUSSION

### A.     Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under [Section] 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)."  Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and

dismiss those claims whose factual contentions are clearly baseless.'" See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed his Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

### B. <u>Analysis</u>

Plaintiff's Complaint fails to allege any facts upon which relief can be granted. There are no allegations in the Complaint to support Plaintiff's conclusory assertion that he has been unlawfully confined by the Defendants. Plaintiff is therefore directed to file an amended complaint. That complaint is required to specify all claims that Plaintiff seeks to assert against each Defendant, and allege specific facts to support those claims. Plaintiff is required to file his amended complaint on or before June 16, 2014. Failure to file an amended complaint will result in the dismissal of this action.

## III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff shall file, on or before June 16, 2014, an amended complaint that complies with this Order.

**SO ORDERED** this 2nd day of June 2014.

*/s/ William S. Duffey*
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE